[American Lumber Co. v. Tombigbee Valley Railway Co.]

# American Lumber Co. *v.* Tombigbee Valley Railway Co.

*Bill for Mandatory Injunction to Enforce Lease Contract.*

(Decided Feb. 13, 1908. 45 South. 911.)

1. *Railroads; Contract; Grant of Exclusive Use.*—An attempted grant of the right to use the road to an extent which might exclude all other uses, by a railroad company that is a common carrier of passengers and freight, of its road, to a purely private business corporation is not enforceable as in violation of public policy.

2. *Same; Lease to Other Railroads.*—One railroad company has no power to lease its road or other property to another railroad corporation, although a common carrier, in the absence of expressed legislative authority, and such attempted lease is void as against public policy.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by the American Lumber Company against the Tombigbee Valley Railroad Company. From a decree dismissing the bill, plaintiff appeals. Affirmed.

The case made by the bill is that a contract was entered into between the appellant and appellee on the 29th day of January, 1906, the substance of which is as follows: (1) That the railroad company, which operates a line of railway from Nannahubba Bluff, in Mobile county, Ala., to Millry, in Washington county, Ala., lets and leases to the said American Lumber Company, its successors or bona fide assigns, the right or privilege for a period of 10 years from the 1st day of February, 1906, to operate over the said line of railroads such trains as the said lumber company and its successors may desire to operate for the purpose of transporting and carrying thereover all logs or other property which

25 R

they are permitted to transport over the said railroad under the tems hereof; the said operation to be regulated by the following terms and provides: (2) The lumber company to supply its own trains, including cars, motive power, and other equipment, and shall operate its trains at its own expense, and shall carry only certain things mentioned in the contract not necessary to be here set out. (3) The operation of the trains over the track of the said railroad company shall be in obedience to the reasonable train orders of the trainmaster of said railroad company, or of whoever may then be operating the said railroad. That said railroad shall keep its side track in reasonably safe condition for operation, and shall promptly give proper and reasonable train orders for the operation of all trains which said lumber company may desire to run over the said track, etc. (4) Provides for the joining of spur tracks built by the lumber company and for the transportation of fuel and employes, etc. 5, 6, 7, 8, 9, and 10 are not necessary to be set out. (11) It is the intention hereof that the right to operate trains over the said railroad hereby vested in the said lumber company shall be and remain in said lumber company and its successors for the full term and for the full extent herein provided, no matter into whose hands the said railroad may pass, and that the said rights shall attach to and follow the said railroad. The other provisions of the contract are not necessary to be set out.

The contention of the appellant is that the bill is for the protection by injunction of the lumber company's vested property rights in the railroad described, by virtue of sections 1, 2, and 11 of the contract; while the contention of the appellee is that the bill seeks to enforce a specific performance of a nonenforceable contract. The bill alleges the refusal of the railroad company to permit

it to operate its logging trains, and also a refusal on the part of the railroad company to issue the necessary and proper train orders for the operation of its trains, and seeks a mandatory injunction to impel the doing of these particular things, and for other relief not necessary to be here set out.

STEVENS & LYONS, for appellant. The question is, does the contract vest in appellant a property right in said railroad, or are they the mere personal covenants of the appellee. The instrument contains apt words of conveyance and the first paragraph of the instrument must be held to convey to appellant a property right in said railroad.—Winfield's Adj. Words, 356; 2 Bouvier's Law Dictionary, Title Lease; *Milliken v. Faulk*, 111 Ala. 660. If there were any doubt about this question, it would entirely disappear in the light of paragraph 11, declaring the intention of the parties.—*Brush E. L. & P. Co. v. Montgomery*, 114 Ala. 442; *Bullock, et al. v. Soleman*, 136 Ala. 610; *Calderon v. Atlas S. S. Co.*, 170 U. S. 280. The right is in rem as distinguished from a personal contractual obligation, and the grant is executed as distinguished from executory.—*McCorthy v. Nicrosi*, 72 Ala. 333; *McGhee v. Wilson*, 111 Ala. 620; *Trump v. McDonald*, 120 Ala. 200; *S. & N. R. R. Co. v. H. A. & B. R. R. Co.*, 117 Ala. 402; *Millikin v. Carmichael*, 134 Ala. 625; 11 Cyc. pp. 1139, 1145 and 1154; 14 Cyc. 1141; *Joy v. City of St. Louis*, 138 U. S. 1. The provisions of the contract are so clear that there is no room for the operation of any rule of construction other than that the words must be given their ordinary signification. In any event, every intendment must be indulged in favor of the absolute character of the grant.—*Elyton L. Co. v. R. R. Co.*, 100 Ala. 396; *Hoyt v. Kimball*, 83 Am. Dec. 670; *Thornton v. Trammel*, 39 Ga. 202; *Zimmerman*

*Mfg. Co. v. Daffin*, 42 South. 851; *Stanwood v. Kimball*, 54 Mass. 333.

GREGORY L. & H. T. SMITH, for appellee. The bill is one for specific performance of a contract.—*Pullman Palace Car Co. v. T. & P. R. R. Co.*, 11 Fed. 629; *Electric L. Co. v. M. & S. R. R. Co.*, 109 Ala. 193; *Iron Age Pub. Co. v. W. U. Tel. Co.*, 83 Ala. 510; *Strange v. R. P. & Co.*, 93 Fed. 74. It is settled that a court cannot grant specific performance of the contract at the suit of one party unless it could also grant a specific performance of the contract at the suit of the other party.—*Marble Co. v. Ripley*, 10 Wall. 359; *Smith v. Washington*, 154 U. S. 560. This being true it is manifest that in order to grant performance, the court would have to undertake to supervise the performance of this contract by the lumber company during the next ten years, and to supervise the equipment of operation so as to see that they come up to the contract.—*Chadwick v. Chadwick*, 121 Ala. 582; *Iron Age Pub. Co. v. W. U. Tel. Co.*, supra. This, manifestly, the court cannot do.—See authorities supra. To adopt the construction contended for by appellant would be to render the contract void as against public policy. It is thoroughly established that a railroad corporation has no power to enter into such a contract.—*M. & C. R. R. Co. v. Gerson*, 88 Ala. 576; *George v. Central R. R. & B. Co.*, 101 Ala. 619; *Sapp v. N. C. Ry. Co.*, 51 Md. 122; *Penn. Co. St. L. & A. R. R. Co.*, 118 U. S. 309. Courts of chancery will not assist in the destruction of public utility by means of an injunction.—*McBryde v. Sayre*, 86 Ala. 458; *Western R. R. Co. v. . G. T. R. R. Co.*, 96 Ala. 272.

TYSON, C. J.—The chancellor entertained the view that the bill in this case was in effect, if not in terms,

[American Lumber Co. v. Tombigbee Valley Railway Co.]

one to compel the specific performance of a contract; that to effectuate the preliminary writ of injunction and to grant relief, whether mandatory to compel performance of the contract or to prohibit its violation on the part of the respondent, would amount substantially to a decree requiring the performance of the terms of the contract; that, such being the nature and purpose of the bill, it was without equity, for want of mutuality of remedy between the parties. If such be the nature of the relief sought, it is conceded by appellant's counsel that the decree appealed from was correct. But it is contended by appellant, in order to avoid this result, that under the contract it acquired an absolute and unqualified leasehold interest in the railroad—a right in rem as distinguished from a personal contractual obligation to operate its trains over the road; that its acquired leasehold right under the contract was a vested one, and property to which it has a title for the period of 10 years from the date of the making of the contract, towit, January 29, 1906; that, such being the status of complainant with respect to the ownership of the road for the period of time named, it has the right to the use of the road to its full capacity for the hauling of its logs, to the exclusion of the defendant. And, logically, the complainant's right to the full enjoyment of the road, to the end of striking down defendant's duty, as a quasi public corporation, to the public, must be conceded, if the contract confers such a property interest upon complainant as is contended for. Upon the theory that the contract conveys to complainant an absolute and unqualified right of enjoyment of a leasehold interest, unfettered by any limitations upon this right, it is asserted that the equity of the bill can and should be rested upon the protection of that right, and not upon the specific performance of the contract. To the end of protecting this right,

it is said, any encroachment upon its quiet enjoyment and exercise will be prevented by injunction.

All this may be conceded, though such a construction of the contract, it seems to us, is wholly inadmissible; yet, it appearing by the averments of the bill that the respondent is a railroad company and a common carrier of passengers and freight, the attempted grant or investiture of the right or interest in complainant—a purely private business corporation—to the extent contended for would be clearly a violation of the public policy of the state, if not directly inhibited by section 242 of the Constitution of 1901. The recognition and the protection of such a grant by injunction would be a warrant to railroad companies, by leases of their tracks, to rid themselves of the duties and responsibilities of common carriers, and would enable them, after obtaining franchises as public service corporations, to abandon their public functions and duties by conferring the use of their franchises and properties upon any private concern they might select. If such a principle is once established, it would be but a short step to hold that public carrying corporations might entirely abandon their public functions and duties, and prostitute the uses of the franchises and privileges granted to them into enterprises for purely private gain, to the exclusion of the rights of the public. Indeed, in the absence of express legislative authority, one railroad company has no power to lease its road or other property to another railroad corporation, though a common carrier, and such an attempted lease is void as against public policy. —*George v. Central R. & B. Co.,* 101 Ala. 607, 619, 14 South. 750; *M. & C. R. R. Co. v. Grayson,* 88 Ala. 572, 7 South. 122, 16 Am. St. Rep. 89.

The decree appealed from must be affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.